### JOHN POWELL v. THE STATE.

#### No. 153. Decided May 31.

1. **Assault and Battery—May be Committed on Person not Intended.**—Article 486, Penal Code, provides, that " an assault, or an assault and battery, may be committed, though the person actually injured thereby was not the person intended to be injured." Applying this rule where appellant brought on a difficulty by slapping another party, and in the progress of the difficulty both parties procured axe helves, and appellant, in endeavoring to strike his antagonist, accidentally struck an old and decrepit man : *Held*, that he was guilty of assault and battery upon this latter party.

2. **Provoking a Difficulty — Accidental Injury of Bystander.**—Where, in the justifiable defense of himself against apparent danger of death or serious bodily injury, a party engaged in a contest unintentionally or accidentally injures a bystander, he is guilty of no offense; but if he provoke the contest he can not avail himself of the necessity which he had knowingly and willfully brought on himself.

APPEAL from the County Court of Victoria. Tried below before Hon. J. L. DUPREE, County Judge.

Appellant was prosecuted by information in the court below for aggravated assault and battery on one Antonio Lagus, an aged and decrepit person, said assault having been committed with an axe handle, a deadly weapon, and thereby inflicting serious bodily injury upon him, the said A. Lagus.

At his trial he was convicted of said offense, and his punishment assessed at one month confinement in the county jail.

The agreed statement of facts in the case is as follows: The State fully proved venue and time, serious injury, and that the injured party was old and decrepit. The contention, and only contention, of defendant is, that he had been informed that his father, an old man, had been assaulted by a young man. He hastened to the scene, and found his father in a quarrel with the young man; that he reproved the young man for acting in that manner towards his father. The young man said that anybody that said that he had assaulted the old man was a damned liar. He slapped him in the mouth. The testimony of the young man, Bob Blanchard, on this point is as follows: " When the defendant slapped me I ran to the barrel and grabbed an axe handle; the defendant jerked it out of my hand. I reached for another, and the defendant struck me with the one he had taken away, and it glanced and struck Mr. Lagus. I tried to get another, but the defendant followed me up so fast that I could not do it, and I ran in the store. I am about the same age and strength of the defendant. I don't know why I went for the axe helve."

The defendant showed that he had pleaded guilty and had been fined for his assault upon the young man, and that the striking of Lagus was accidental, the blow having been struck at the young man and glanced and hit Lagus.

The contention of the defendant is:

" 1. That when he slapped Bob Blanchard, the young man, and he attempted to get an axe helve, that from that time he was acting in self-defense.

" 2. That the charge of the court was error, in which he charged, that if Tony Lagus was aged and decrepit, it would be an aggravated assault; that the blow being aimed at the young man, and not at Lagus, that section of the statute would not apply. All of the proof showed that the striking of the defendant was accidental; that the difficulty occurred on the sidewalk, in front of Lagus' store, and that the blow that struck Lagus was given when he was between the parties and trying to get out of the way."

Defendant's special requested instructions, which were refused by the court, are as follows:

" 1. That if the jury believe from the evidence, that the defendant assaulted Bob Blanchard, and if you further believe that he has already been punished for that assault, and if you further believe from the evi-

dence that after the assault upon Blanchard, that an altercation occurred between Blanchard and defendant, in which each attempted to use axe handles upon the other, and that the defendant struck at Blanchard with the axe handle and accidentally hit Lagus, then you are instructed, that it would make no difference whether Lagus was aged and decrepit, or whether he was seriously injured, as the blow was not struck at him, and there was no intent to injure him.

" 2. You are further instructed, that if you believe from the evidence that defendant slapped Blanchard, and that Blanchard grabbed an axe handle, which defendant took away from him, and that Blanchard grabbed for another, when defendant struck at Blanchard and accidentally hit Lagus, then you are instructed, that under such circumstances defendant would be guilty of no assault upon Lagus, and you should acquit."

*W. L. Davidson*, for appellant.

*R. L. Henry*. Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of aggravated assault and battery, and his punishment fixed at one month in the county jail, from which he appeals.

The agreed statement of facts shows, that appellant and one Bob Blanchard got into an altercation, in which axe helves were used, appellant bringing on the difficulty by slapping Blanchard in the mouth. Blanchard seized an axe helve, which was taken from him by appellant, and while trying to get another, appellant, to prevent him, struck at him, when the blow glanced, and accidentally struck one Lagus. Appellant and Blanchard were both robust young men; Lagus, an old, decrepit man. The fight occurred in front of Lagus' store. The question is, whether appellant can be guilty of an aggravated assault. He pleaded guilty to the assault on Blanchard, and was fined.

Article 486, Penal Code, declares, that an assault or an assault and battery may be committed, though the person actually injured was not the person intended to be injured; but it is well settled, if appellant was acting in self-defense when he accidentally struck Lagus, he is not responsible. In the Plummer case, where defendant, in defending against an unlawful attack upon himself, accidentally shot the wife of his assailant, this court held that the trial court erred in instructing the jury that defendant could be convicted of an aggravated assault under such circumstances; but stated the law to be, that where in the justifiable defense of himself against apparent danger of death or serious bodily injury, a party unintentionally or accidentally injures a bystander, he is guilty of no offense. Plummer's case, 4 Texas Crim. App., 310; Clark's case, 19 Texas Crim. App., 495.

In the case at bar, it does not appear that appellant was acting in self-defense. He provoked the contest by slapping Blanchard in the mouth, and brought on the necessity, if any existed, of striking at Blanchard with the axe helve. In striking at Blanchard with the axe helve he was in the wrong, and could not justify himself. If he had killed him it would have been manslaughter at least. A person can not avail himself of a necessity which he has knowingly and willfully brought on himself. Logan's case, 17 Texas Cr. App., 50; Reed v. The State, 11 Texas Cr. App., 517. There was no plea of jeopardy filed in this case. Brink's case, 18 Texas Cr. App., 347. The court did not err in refusing the special charges asked. They were not the law.

The judgment is affirmed.

*Affirmed.*

Davidson, J., concurs. Hurt, P. J., states that he is not prepared to agree or dissent, as it is a nice question.